IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. SMITH** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **DAVID DIGUGLIELMO, Superintendent;** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PENNSYLVANIA and** | : | **NO. 06-2918** |
| **THE ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | |

## O R D E R

**AND NOW**, this 13th day of November, 2006, upon review of the Petition for Writ of Habeas Corpus filed by Ronald L. Smith and the record in this case, and the Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated October 17, 2006, and Petitioner's Objection to the U.S. Magistrate Judge's Report and Recommendation, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated October 17, 2006, is **APPROVED** and **ADOPTED**;

2. Petitioner's Objection to U.S. Magistrate Judge's Report and Recommendation is **OVERRULED**;

3. The Petition for Writ of Habeas Corpus filed by Ronald L. Smith is **DISMISSED**;

4. Ronald L. Smith's Motion to Stay is **DENIED**; and,

5. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253 (c)(2).

Petitioner's Objection addresses the timeliness of his Petition for Writ of Habeas Corpus and grounds for both statutory and equitable tolling. This Court agrees completely with the analysis of the Magistrate Judge on those issues.

Petitioner filed a Motion to Stay the disposition of his habeas petition on the ground that he has new evidence to support his claim of governmental interference. The Magistrate Judge analyzed that claim under *Rhines v. Weber*, 544 U.S. 269 (2005), and this Court agrees with that analysis. In short, the Magistrate Judge determined that the "stay and abey" procedure is appropriate when dismissal of a mixed petition to enable a petitioner to exhaust claims in state court could jeopardize the petitioner's ability to obtain federal review at a later date. That procedure is, as the Magistrate Judge explained, inapplicable to this case.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
        **JAN E. DUBOIS, J.**