| | |
|---|---|
| **RONALD L. SMITH,** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | |
| **DAVID DIGUGLIELMO,** | **NO. 06-2918** |
| **THE DISTRICT ATTORNEY OF THE** | |
| **COUNTY OF PHILADELPHIA, and** | |
| **THE ATTORNEY GENERAL OF THE** | |
| **STATE OF PENNSYLVANIA,** | |
| **Respondents.** | |

**M E M O R A N D U M**

DuBois, J.                                                                                                April 9, 2018

## I.   INTRODUCTION

This is a habeas corpus case brought by a state prisoner, Ronald L. Smith ("petitioner"), under 28 U.S.C. § 2254. Petitioner's initial *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed on June 3, 2006 ("2006 Petition"), was denied by this Court by Order dated November 13, 2006. Thereafter, certain of petitioner's state appellate rights were reinstated by the Superior Court of Pennsylvania. Petitioner then exhausted his state court remedies and filed a Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b) in this Court, which this Court granted, reinstating petitioner's 2006 Petition. Petitioner later filed an Amended/Supplemental Habeas Corpus Petition ("Supplemental Petition") with additional grounds for relief. Because the grounds for relief in petitioner's 2006 Petition and Supplemental Petition are either procedurally defaulted or lack merit, both Petitions are denied and dismissed.

## II.    BACKGROUND

### A.  Robbery and Murder of Roy Arms

On September 2, 1992, petitioner arranged to have two friends, Steven Williamston and Tyron Hill, meet him at the apartment of his girlfriend, Secquoyah West, in preparation for a robbery of a variety store located in the basement of West's apartment building.  Suppl. Resp. to Pet. for Writ of Habeas Corpus, Doc. No. 45 at 2.  At petitioner's instruction, Williamston and Hill retrieved a shotgun from petitioner's home and brought it to West's apartment.  *Id.* at 3.

After assembling the shotgun and wiping it clean of fingerprints, petitioner sent Williamston and Hill to the basement of the building to rob the variety store, and they did so.  *Id.* After emptying the store's cash register, Hill waited in the basement, just outside the store entrance.  *Id.* at 4.  When Roy Arms, the storeowner, peered through the store doorway, Hill shot him with the shotgun, fatally wounding him in the face and neck.  *Id.*  Once Hill and Williamston returned to West's apartment, petitioner took the shotgun, wiped it down, disassembled it, and hid it inside West's sofa and loveseat.  *Id.*

Three days after the murder, on September 5, 1992, police received a call from the apartment manager of West's apartment building.  Opinion of the Court of Common Pleas (June 1996), Doc. No. 45-1 at 57.  West had told the apartment manager that she feared to return to her apartment, as she believed petitioner would be there, armed with the shotgun.  *Id.*  Police entered West's apartment accompanied by the apartment manager to check "only for the presence of people."  *Id.* at 58.  Police did not seize any evidence, but then contacted West, who gave police a formal statement regarding the robbery and murder.  *Id.*

Petitioner was subsequently arrested on September 8, 1992.  *Id.* at 61.  Following his arrest, Smith received oral and written *Miranda* warnings.  *Id.*  After police confronted petitioner

with information about his involvement in the robbery and murder, he waived his right to remain silent, admitted his participation in the robbery and murder, and signed a form consenting to a search of West's apartment. *Id.* at 59. When police arrived at the apartment, West also consented to the search, and police retrieved the shotgun petitioner had stored in West's sofa and loveseat. *Id.* at 59-60.

### B. Petitioner's Trial

At trial, West and Williamston testified that petitioner used marijuana and cocaine prior to the robbery and murder, that he spoke of robbing the variety store prior to the incident, and that he had ~~previously~~ been seen with the shotgun used in the robbery and murder. Doc. No. 45-1 at 64-65. Defense counsel moved to suppress petitioner's statement to police, the physical evidence obtained from West's apartment, and the testimony of West and Williamston. *Id.* at 49. The trial court denied defendant's motions, concluding that petitioner had knowingly and voluntarily waived his constitutional rights and that physical evidence had been properly obtained through a search of West's apartment with her consent. *Id.* at 60. In ruling on post-trial motions, the trial court likewise concluded that it properly gave instructions limiting consideration of West and Williamston's testimony to the issue of the state of mind of the witnesses and their motivation. *Id.* at 64, 67. The trial court also concluded that petitioner's trial counsel could not have been ineffective for failing to object to admission of the testimony that petitioner had previously possessed the shotgun because there was no error in admitting the testimony. *Id.* at 67. Petitioner was convicted of murder in the first degree, robbery, possessing an instrument of crime, and criminal conspiracy. Doc. No. 45 at 8.

### C.  Appeal and State Collateral Proceedings

#### 1.  *Direct Appeal*

Represented by new counsel, petitioner appealed his conviction to the Superior Court of Pennsylvania, which issued a decision on November 27, 1996.  Opinion of the Superior Court of Pennsylvania (Nov. 27, 1996), Doc. No. 45-1 at 44.  On appeal, petitioner raised four issues:  (1) admission of Smith's statement to the police; (2) ineffective assistance of trial counsel for failing to object to references by the prosecution to the credibility of the Commonwealth's chief witness, petitioner's post-arrest silence, and petitioner's prior convictions; (3) ineffective assistance of trial counsel for failing to object to testimony that petitioner had previously possessed the shotgun; and (4) admission of West and Williamston's testimony regarding defendant's "prior bad acts," including his use of marijuana and cocaine.  *Id.* at 45; Opinion of the Court of Common Pleas (June 1996), Doc. No. 45-1 at 64.  The Superior Court summarily affirmed the trial court on the first, third, and fourth issues.  *Id.* at 45-46.  The Superior Court concluded petitioner had waived the second issue because petitioner had failed to include it in his Statement of Matters Complained of on Appeal under Pennsylvania Rule of Appellate Procedure 1925(b).  Opinion of the Superior Court, Doc. No. 45-1 at 46 (citing *Commonwealth v. Forest*, 629 A.2d 1032 (Pa. Super. Ct. 1993).  The Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal on April 29, 1997.  *Commonwealth v. Smith*, 695 A.2d 785 (Pa. 1997).

#### 2.  *First PCRA Petition and Appeal*

Petitioner filed his first petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, on December 9, 1997, after which counsel was appointed to represent him.  Opinion of the Court of Common Pleas (Dec. 13, 2000), Doc. No. 45-2 at 3.

Counsel filed an amended petition, which raised four issues, only the first of which is relevant to the present Petitions: that trial counsel was ineffective for failing to argue that the search of West's apartment was unlawful because it had been induced by threats and that appellate counsel was ineffective for not raising the issue on appeal. *Id.* at 4. The PCRA court denied this claim for relief on June 6, 2000, on the ground that Pennsylvania law prohibited petitioner from obtaining post-conviction relief by restating previously litigated claims as claims for ineffective assistance of counsel. Doc. No. 45 at 9; Doc. No. 45-2 at 5. The PCRA court denied the remainder of petitioner's claims—none of which are relevant to the Petitions pending in this Court—as well. Doc. No. 45-2 at 5-6.

Petitioner appealed the PCRA court's decision, which the Superior Court dismissed on February 20, 2001, after petitioner's counsel failed to file a brief. Opinion of the Court of Common Pleas (May 31, 2002), Doc. No. 45-3 at 2. The record before this Court does not disclose whether petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court.

### 3. Second and Third PCRA Petitions

On April 3, 2001, petitioner filed a second PCRA petition represented by the same counsel, seeking "to reinstate [petitioner's] appellant rights." The Superior Court eventually denied the petition as "manifestly untimely," reasoning that "the fact that Appellant's first PCRA appeal was dismissed due to counsel's failure to file a brief does not excuse the jurisdictional restraints of the PCRA." Opinion of the Superior Court of Pennsylvania (Aug. 5, 2005), Doc. No. 45-4 at 5. Petitioner filed a *pro se* petition for allowance of appeal from the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on May 23, 2006. *Commonwealth v. Smith*, 899 A.2d 1123 (Pa. 2006).

Six years later, following the Pennsylvania Supreme Court decision in *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007), petitioner filed a third PCRA petition on September 30, 2007, again seeking reinstatement of his appellate rights. Doc. No. 45 at 11. After an initial denial by the Court of Common Pleas, petitioner appealed *pro se* and the Superior Court reversed, reinstating petitioner's appellate rights. *Commonwealth v. Smith*, 35 A.3d 766 (Pa. Super. Ct. 2011).

The Court of Common Pleas issued an Opinion *nunc pro tunc* on petitioner's amended, counseled petition, originally denied on June 6, 2000. Doc. No. 45-7. In his final appeal to the Superior Court, petitioner proceeded *pro se*. Opinion of the Superior Court of Pennsylvania (June 8, 2016), Doc. No 45-9 at 1. Petitioner raised five grounds on appeal: (1) "that [direct appellate] counsel was ineffective for failure to assert" the trial court erred in its finding of facts in admitting evidence obtained after "homicide detectives illegally and forcibly entered property without consent of any resident that leased the unit"; (2) "trial counsel was ineffective for failing to object to the trial court's charges to the jury on accomplice liability and first[-]degree murder"; (3) trial counsel was ineffective "for failing to object to the trial court's charges to the jury on criminal conspiracy"; (4) "the trial court erred in denying [Smith's] 1997 PCRA Petition without holding an evidentiary hearing"; and, (5) PCRA counsel was ineffective. Doc. No. 45-9 at 1 (alterations in original).

The Superior Court rejected each of petitioner's claims in an opinion dated June 8, 2016. Doc. No. 45-9. In rejecting petitioner's first ground for relief, the Superior Court adopted the reasoning of the Court of Common Pleas in full. Doc. No. 45-9 at 4. The Court of Common Pleas rejected petitioner's first ground for relief, in part, as waived. Doc. No. 45-7 at 8. According to the Court of Common Pleas, petitioner waived this ground for relief by failing to

"layer" his claim for ineffective assistance of appellate counsel with a showing that trial counsel was ineffective for failing to object to the trial court's purported error—a required element to establish ineffective assistance of appellate counsel in a PCRA proceeding. *Id.* at 8 n.4 (citing *Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003)).

The Superior Court also rejected petitioner's second and third grounds for relief as waived because counsel failed to include the claims in petitioner's amended petition and under Pennsylvania law, any claims not included in a counseled, amended petition are deemed waived. *Id.* at 5. The Superior Court rejected petitioner's fourth ground for relief, because none of his claims presented a genuine issue concerning a material fact to warrant an evidentiary hearing. Finally, the Superior Court rejected petitioner's claim that his PCRA counsel was ineffective in pursuit of his first PCRA petition. Petitioner raised that issue for the first time on appeal, and under Pennsylvania law, "a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal." *Id.* at 8 (citing *Commonwealth v. Henkel*, 90 A.3d 16, 21-30 (Pa. Super. 2014)). Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.[1] Doc. No. 45 at 12.

### D. Federal Habeas Corpus Proceedings

#### 1. *First Petition for Writ of Habeas Corpus under § 2254*

On June 30, 2006, following denial of his second PCRA petition, petitioner filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court, *pro se*. In his Petition, petitioner raised five grounds for relief:

---

[1] Petitioner's failure to file a petition for allowance of appeal of the Superior Court rulings in the first and third PCRA petitions in the Pennsylvania Supreme Court is not fatal to the habeas Petitions pending in this Court. The Third Circuit has held that, pursuant to a May 9, 2000, Order of the Pennsylvania Supreme Court, "petitioners need not seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a 'full opportunity to resolve any constitutional claims'" and thereby exhaust the remedies available in Pennsylvania courts. *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

1.      Petitioner's due process and equal protection rights were violated when the Commonwealth improperly interfered with his PCRA process by denying him assistance of counsel and denying his right to appeal;

2.      The trial court erred when it denied petitioner's pretrial motion to suppress a statement obtained pursuant to an unconstitutional seizure;

3.      Appellate counsel was ineffective for failing to challenge the trial court's findings of fact in admitting evidence seized from West's apartment;

4.      Trial counsel was ineffective for failing to challenge the court's charge on accomplice liability and first degree murder; and

5.      Trial counsel was ineffective for failing to challenge the court's charge on criminal conspiracy.

*See* Report and Recommendation (Oct. 17, 2006), Doc. No. 10 at 2. By Order dated November 13, 2006, this Court dismissed the 2006 Petition as time barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Doc. No. 12. The Third Circuit denied a certificate of appealability by Order dated June 8, 2007. Doc. No. 17.

### 2. *Petitioner's Motion Under Federal Rule 60(b) in this Court*

Following reinstatement of his appellate rights by the Superior Court, petitioner filed a Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b). By Order dated March 21, 2013, this Court stayed petitioner's Motion while his third PCRA petition was pending in state court. By letter dated October 25, 2016, the Assistant District Attorney handling the PCRA proceeding informed the Court that petitioner had exhausted his state remedies and that the new deadline for petitioner to file a new habeas corpus petition was May 2, 2017. By Order dated November 3, 2016, the Court directed petitioner to state whether he intended to rely on his 2006 Petition or wished to file an amended petition, and if he agreed with the government's calculation of the deadline for filing a new or amended petition.

Petitioner responded by letter dated November 23, 2016, requesting that "the court reinstate his 2006 habeas corpus petition and [that] he agree[s] with the district attorney that the new deadline for filing an amended habeas corpus petition or reactivating the 2006 habeas

corpus petition is May 2[,] 2017." Concluding the response was ambiguous because it did not

state whether petitioner intended to file an amended petition, the Court issued an Order dated

December 5, 2016, again requiring petitioner to state whether he intended to proceed on his 2006

Petition or to file an amended petition.[2] After the May 2, 2017, deadline passed, the Court

extended the deadline to July 7, 2017, by Order dated June 13, 2017. On July 7, 2017, petitioner

filed a Supplemental Petition, stating the following grounds for relief, in addition to those set

forth in his 2006 Petition:

1. The trial court erred in denying the pretrial motion to suppress statement
2. Trial counsel was ineffective for failing to object when the prosecution vouched for the credibility of the chief Commonwealth witness
3. Trial counsel was ineffective for failing to object when the prosecutor improperly commented on the petitioner's post-arrest silence and experience with the criminal justice system
4. Trial counsel was ineffective for failing to object to testimony from Commonwealth witnesses concerning the petitioner's prior possession of a shotgun
5. Petitioner is entitled to a new trial as a result of the Commonwealth's presentation of the testimony of Secquoyah West concerning bad acts allegedly committed by the petitioner

*See* Amended/Supplemental Habeas Corpus Petition, Doc. No. 40 at 1-2. Petitioner's 2006

Petition and Supplemental Petition are now ripe for decision.

## III.  LEGAL STANDARDS

### A.  Exhaustion and Procedural Default

A federal writ of habeas corpus may not be granted to a person incarcerated pursuant to a

state court judgment unless he or she has first "exhausted the remedies available in the courts of

the State." 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "a petitioner must

present a federal claim's factual and legal substance to the state courts in a manner that puts them

---

[2] In that same Order dated December 5, 2016, the Court granted petitioner's Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b) and vacated its November 13, 2006, Order dismissing petitioner's 2006 Petition.

on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). "It is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless,* 459 U.S. 4, 6 (1982), but instead, the petitioner must demonstrate that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts," *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), *cert. denied*, 493 U.S. 1036 (1990).

When a claim has not been fairly presented to the state courts, but state procedural rules bar further relief in state courts, the claim "meets the technical requirements for exhaustion." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims." *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. § 2254(b)). An unexhausted federal claim may be defaulted, for example, under the PCRA's statute of limitations, which requires any post-conviction petition to be filed within one year of when a defendant's conviction becomes final. 42 Pa. Con. Stat. § 9545(b)(1); *Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001).

Default can also occur independently of exhaustion where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). In such cases, "federal habeas review of the claims is barred." *Id.* A state rule is independent and adequate "only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions." *Lines v. Larkins*, 208 F.3d 153, 170 (3d Cir. 2000) (quoting *Doctor v. Walters,* 96

F.3d 675, 683–84 (3d Cir. 1996)).  However, "when resolution of the state procedural law question depends on a federal constitutional ruling," the state rule is not independent.  *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985).  To bar federal review, a state procedural default must have been "firmly established and regularly followed by the time as of which it is to be applied." *Ford v. Georgia,* 498 U.S. 411, 424 (1991).

Although procedurally defaulted claims are barred as a general rule, a federal court may reach such claims upon a showing of cause and prejudice or a fundamental miscarriage of justice.  *McCandless,* 172 F.3d at 260.  To establish "cause" for procedural default, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" such as a factual or legal basis that was "not reasonably available to counsel" or "interference by government officials."  *Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)), *cert. denied*, 532 U.S. 980 (2001).  To show "prejudice," the petitioner must prove "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original).  "This standard essentially requires the petitioner to show he was denied 'fundamental fairness' at trial."  *Werts,* 228 F.3d at 193.

Finally, "[t]o show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, by presenting new evidence of innocence."  *Keller*, 251 F.3d at 415-16 (3d Cir. 2001) (internal citation omitted) (citing *Schlup v. Delo,* 513 U.S. 298, 316 (1995); *McCleskey v. Zant,* 499 U.S. 467, 494 (1991)).

### B. Application of 28 U.S.C. § 2254

Once a federal habeas court determines that a petitioner has exhausted state remedies and that a claim is not procedurally defaulted, the court must determine whether the claim was adjudicated on the merits in state court. In the event that a claim was not adjudicated on the merits by the state courts, the federal habeas court "conduct[s] a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010) (citation omitted).

If the state court resolved the issue on the merits, the federal court reviews that decision with deference. Section 2254(d) forecloses relief unless the state court's "adjudication of the claim [on the merits]—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court [1] arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or [2] if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly," but only if that application was "objectively unreasonable." *Id.* at 409, 411.

### C. Ineffective Assistance of Counsel Claims under *Strickland v. Washington*

Ineffective assistance of counsel claims are analyzed in two parts. "First, the defendant must show that counsel's performance was deficient," meaning that it "fell below an objective standard of reasonableness" under all the circumstances, including "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense," which requires the defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 687, 694. Counsel cannot be ineffective for failing to raise a claim without merit. *Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009).

*Strickland* itself poses a high bar, but "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 105. "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* In such cases, the standard of review is "doubly" deferential. *Id.*

Against this doctrinal backdrop, the Court now turns to the merits of petitioner's claims.

**IV.     DISCUSSION**

The Government argues that each of petitioner's grounds for relief have been procedurally defaulted or lack merit and should be dismissed.  The Government further argues that petitioner's Supplemental Petition is time barred and urges this Court to reconsider its June 13, 2017, Order permitting petitioner to file an amended or supplemental petition after the May 2, 2017, deadline.  Because the Court concludes that each of petitioner's grounds for relief have either been procedurally defaulted or lack merit, it need not consider whether the claims in his Supplemental Petition are also time barred.  *Cf. Day v. McDonough*, 547 U.S. 198, 205 (2006) ("A statute of limitations defense . . . is not 'jurisdictional' . . . . In this respect, the limitations defense resembles other threshold barriers—exhaustion of state remedies, procedural default, nonretroactivity.")

**A.  Claims in 2006 Habeas Corpus Petition**

*1.  Ground 1: Petitioner's due process and equal protection rights were violated when the Commonwealth improperly interfered with his PCRA process by denying him assistance of counsel and denying his right to appeal*

Petitioner first argues in his 2006 Petition that the Government "denied the petitioner . . . effective of assistance of counsel on petitioner['s] first PCRA process."  Mem. of Law in Supp. of Writ of Habeas Corpus at 8-9.  Petitioner contends that because his counsel never entered an appearance on his behalf, and the Government "failed to give [him] new counsel to assist petitioner," he was denied his rights under Pennsylvania law.  *Id.* at 11.

Petitioner's claim is procedurally defaulted.  Petitioner raised his claim for the first time in his July 30, 2015, brief to the Superior Court in his appeal of the denial of his third PCRA petition.  Doc. 45-8 at 15.  The Superior Court dismissed petitioner's claim, concluding that under Pennsylvania law, a PCRA petitioner cannot assert a claim for ineffectiveness of PCRA counsel for the first time on appeal.  Doc. No. 45-9 at 8 (citing *Commonwealth v. Henkel*, 90

A.3d 16, 21-30 (Pa. Super. 2014)). This rule has been affirmed multiple times by the Pennsylvania Supreme Court. *Henkel*, 90 A.3d at 28-30; *accord Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (2011); *Commonwealth v. Colavita*, 993 A.2d 874, 893 (Pa. 2010) ("[C]laims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level."). Thus, petitioner has defaulted his first ground for relief pursuant to an independent and adequate state rule, barring review by this Court. Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the default.

Further, ineffective assistance of counsel in state collateral proceedings is not cognizable in federal habeas corpus review under 28 U.S.C. § 2254(i); *accord Tillett v. Freeman*, 868 F.2d 106 (3d Cir. 1989) ("[A] claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the Constitution or laws of the United States. It is at most one arising under Pennsylvania law."). Thus, this Court may not consider petitioner's first ground for relief.

      2. *Ground 2: The trial court erred when it denied petitioner's pretrial motion to suppress a statement obtained pursuant to an unconstitutional seizure*

Petitioner next argues that the trial court erred in admitting the statement he gave to the police following his arrest. Petitioner argues that he was arrested without probable cause in violation of the Fourth Amendment, and that his statement—which was obtained after his arrest—is therefore inadmissible. Mem. of Law in Supp. of Writ of Habeas Corpus at 18-21. Petitioner presented this issue to the trial court, Doc. No. 45-1 at 60, and on direct appeal to the Superior Court, which affirmed the trial court's admission of the statement, Doc. No. 45-1 at 45-46.

This Court cannot review habeas corpus claims premised on the Fourth Amendment under the Supreme Court decision *Stone v. Powell*, 428 U.S. 465 (1976). "Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them." *Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994) (citing *Stone*, 428 U.S. 465). The record before the Court makes it clear that petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Petitioner's counsel at trial moved to suppress petitioner's statement and the evidence seized from Secquoyah West's apartment. Doc. No. 45-1 at 10-16. The Court of Common Pleas denied petitioner's motions, *id.*, and the Superior Court affirmed, Doc. No. 45-1 at 45-46. Petitioner's Fourth Amendment claims are thus barred on federal habeas review.

### 3. *Ground 3: Appellate counsel was ineffective for failing to challenge the trial court's findings of fact in admitting evidence seized from West's apartment*

Petitioner next argues that his counsel on direct appeal was constitutionally ineffective for failing to challenge the trial court's findings of facts in admitting evidence obtained in searches of Secquoyah West's apartment. Mem. of Law in Supp. of Writ of Habeas Corpus at 34. Petitioner focuses on police officers' entry into the apartment on September 5, 1992, arguing that because only an apartment manager was present at the time police entered the unit, the search and all subsequent searches of the unit were illegal under the Fourth Amendment. *Id.* at 34.

Petitioner's argument fails for two reasons. First, petitioner has procedurally defaulted this ground for relief. As described by the Court of Common Pleas in its final Opinion, dated December 3, 2014, petitioner failed to properly "layer" his claim of ineffective appellate counsel, thereby waiving the issue. Doc. No. 45-7 at 8 n.4. Under Pennsylvania law, a petitioner is required to "layer" a claim of ineffective appellate counsel by first "establish[ing]" that trial

counsel was ineffective for failing to object to the complained-of error at the trial level. *Commonwealth v. Washington*, 927 A.2d 586, 594-95 (Pa. 2007); *Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003). Because petitioner failed to show that trial counsel was ineffective for failing to object to the trial court's findings of fact, he waived his claim that appellate counsel was ineffective for failing to challenge those findings of fact on direct appeal. Doc. No. 45-7 at 8-9. The Superior Court affirmed on this issue. Doc. No. 45-9 at 4. Thus, petitioner has defaulted this ground for relief pursuant to an independent and adequate state rule, barring review by this Court. Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse that default.

Second, petitioner's claim lacks merit. In addition to concluding that petitioner's claim was waived, the Court of Common Pleas found that neither trial nor appellate counsel could have been inadequate, as there was no underlying Fourth Amendment violation. The trial court found that West had told the apartment manager that she was afraid to enter her apartment because she feared that petitioner would be there, and that the apartment manager then contacted police to accompany her to the apartment "solely to make sure that no one was there who could endanger Ms. West." Doc. No. 45-7 at 9.

On these facts, the trial court concluded that there was no Fourth Amendment violation because West had consented to the initial search of the apartment and because no evidence was seized until later searches were conducted with West present and expressly consenting. Doc. No. 45-7 at 9-10. The Superior Court affirmed. Doc. No. 45-9 at 4. Given the "doubly" deferential standard applied to a state court's adjudication of a claim of ineffective assistance of counsel, this Court cannot conclude that either trial or appellate counsel acted outside the "'wide range' of reasonable professional assistance" or that the state courts' decision "was contrary to" federal

law then clearly established in the holdings of the Supreme Court, "involved an unreasonable application of" such law, or that it "was based on an unreasonable determination of the facts" in light of the record before the state court. *Harrington*, 562 U.S. at 101, 105.

4. *Ground 4: Trial counsel was ineffective for failing to challenge the court's charge on accomplice liability and first degree murder*

Next, petitioner argues that trial counsel was ineffective for failing to object to the court's instructions to the jury regarding accomplice liability and first degree murder. Petitioner's claim has been procedurally defaulted. Although this claim was included in petitioner's original *pro se* PCRA petition, it was not included in his amended, counseled petition. Under Pennsylvania law, claims included in a *pro se* PCRA petition but not in a subsequent amended, counseled petition are deemed waived. *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999); *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993). The Superior Court thus concluded that petitioner had waived this ground for relief. Doc. No. 45-9 at 6.

This ground for relief is thus defaulted pursuant to an independent and adequate state rule, barring review by this Court. Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the default. Further, petitioner cannot show cause and prejudice for his default under the United States Supreme Court decision in *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), because *Martinez* in inapposite. In *Martinez*, the Supreme Court concluded that the default of a claim for inadequate assistance of trial counsel may be excused if it was caused by ineffective assistance of counsel in a state collateral proceeding. *Id. Martinez* applies to proceedings in which a petitioner is required to wait until an "initial-review collateral proceeding" to raise a claim of ineffective assistance of counsel at trial. *Id.* Prior to the Pennsylvania Supreme Court decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), however, Pennsylvania required claims of ineffective assistance of counsel at trial to be raised

"at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 372 A.2d 687, 695 n.6 (Pa. 1977). That was the law in effect at the time of the proceedings at issue in this case. Because petitioner was represented by new counsel on direct appeal, that attorney was required to raise his claim of ineffective assistance of trial counsel at that time, not on collateral review, and he failed to do so. Consequently, *Martinez* does not apply to petitioner's case. *Accord Ragan v. Horn*, 2016 WL 1241771, *5-7 (E.D. Pa. 2016); *Rankine v. Overmyer*, 2014 WL 4851496, *12 (E.D. Pa., 2014).

> 5. *Ground 5: Trial counsel was ineffective for failing to challenge the court's charge on criminal conspiracy*

Petitioner's fifth ground for relief is procedurally defaulted for the same reasons as his fourth ground. As above, petitioner included a claim that trial counsel was ineffective for failing to object to the trial court's charge on criminal conspiracy in his original *pro se* PCRA petition, but not in his amended, counseled PCRA petition. Thus, as with his fourth ground for relief, petitioner's fifth ground for relief is defaulted pursuant to an independent and adequate state rule.

**B. Supplemental Petition**

> 1. *Ground 1: The trial court erred in denying the pretrial motion to suppress statement*

Petitioner's first ground for relief in his Supplemental Petition is identical to the second ground for relief in his original 2006 Petition, and is denied for the same reasons.

> 2. *Ground 2: Trial counsel was ineffective for failing to object when the prosecution vouched for the credibility of the chief Commonwealth witness*

Petitioner argues, as he did on direct appeal, that trial counsel was ineffective for failing to object to comments by the prosecutor "regarding the credibility of the Commonwealth's chief witness." Doc. No. 45-1 at 45. On direct appeal, the Superior Court rejected petitioner's claim

as waived because he failed to include in it his Statement of Matters Complained of on Appeal under Pennsylvania Rule of Appellate Procedure 1925(b). Doc. No. 45-1 at 46-47. Petitioner's claim was thus defaulted pursuant to an independent and adequate state rule. *Accord Fudge v. Overmyer*, No. 1:14-cv-01923, 2015 U.S. Dist. LEXIS 31063, at *9 (M.D. Pa. Mar. 12, 2015); *Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004). As with the claims above, petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the default.

      3.   *Ground 3: Trial counsel was ineffective for failing to object when the prosecutor improperly commented on the petitioner's post-arrest silence and experience with the criminal justice system*

As with the second ground for relief in his Supplemental Petition, petitioner failed to include his third ground for relief in his Statement of Matters Complained of on Appeal under Pennsylvania Rule of Appellate Procedure 1925(b). Doc. No. 45-1 at 46-47. The Superior Court rejected the claims as waived, *id.*, and as above, petitioner's claim was thus defaulted pursuant to an independent and adequate state rule.

      4.   *Ground 4: Trial counsel was ineffective for failing to object to testimony from Commonwealth witnesses concerning the petitioner's prior possession of a shotgun*

Petitioner next argues that he is "entitled to a new trial as a result of the trial counsel's failure to object to testimony from [C]ommonwealth witnesses concerning the petitioner's prior possession of a shotgun." Amended/Supplemental Habeas Corpus Petition, Doc. No. 40 at 2. Petitioner presented this claim to the Court of Common Pleas following trial and to the Superior Court on direct appeal. In its June 1996 Opinion, the Court of Common Pleas concluded that there was no error in admitting testimony that petitioner had previously been seen with the shotgun used in the robbery and murder of Roy Arms. Doc. No. 45-1 at 67-68. It reasoned that petitioner's "possession of an implement of crime (shotgun) giving him means to carry out a

crime" was not a prior "bad act" but instead "cons[t]itute[d] some evidence of probability that he committed the crime, and is relevant evidence." *Id.* Because there was no underlying error, trial counsel could not be ineffective for failing to object. *Id.* at 68. The Superior Court affirmed that ruling. Doc. No. 45-1 at 46.

Petitioner's claim does not warrant habeas relief from this Court. As noted above, the standard applied to a state court's adjudication of a claim of ineffective assistance of counsel is "doubly" deferential. *Harrington*, 562 U.S. at 105. Under that standard, this Court cannot conclude that trial counsel acted outside the "'wide range' of reasonable professional assistance" or that the state courts' decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court, "involved an unreasonable application of" such law, or that it "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 101, 105.

>    *5. Ground 5: Petitioner is entitled to a new trial as a result of the Commonwealth's presentation of the testimony of Secquoyah West concerning bad acts allegedly committed by the petitioner*

Finally, petitioner contends that he entitled to "new trial as a result of the [C]ommonwealth's presentation of the testimony of Secquoyah West concerning bad acts allegedly committed by the petitioner." Amended/Supplemental Habeas Corpus Petition, Doc. No. 40 at 2. West testified that petitioner had previously used illegal drugs, committed acts of theft, and assaulted her. Doc. No. 45-1 at 64. Defense counsel elicited that testimony from West to "establish that West herself was an accomplice and a corrupt source, and not to be believed." *Id.* When the trial court inquired whether petitioner would seek a cautionary instruction, counsel replied he did not wish to have a cautionary instruction "since it might emphasi[z]e the matters to the jury." *Id.* at 65. The Superior Court affirmed the trial court's admission of the evidence. Doc. No. 45-1 at 46.

Nowhere does petitioner frame his claim in terms of federal law. A petitioner must fairly present a "federal claim's 'factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Harmon v. Lamar*, 640 F. App'x 175, 179 (3d Cir. 2016) (quoting *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner can present a federal claim by relying on "pertinent federal cases," "state cases employing constitutional analysis in like fact situations," phrasing the claims in "terms so particular as to call to mind a specific right protected by the Constitution," or alleging a "pattern of facts that is well within the mainstream of constitutional litigation." *Nara v. Fran*k, 488 F.3d 187, 198 (3d Cir. 2007), *as amended* (June 12, 2007) (citing *McCandless*, 172 F.3d at 260). Petitioner raised this claim only on direct appeal, where he relied entirely on state evidentiary law. *See* Doc. Not 45-1 at 33-35. This is insufficient to put the state courts on notice that a federal claim was being asserted. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Keller v. Larkins*, 251 F.3d 408, 413-15 (3d Cir. 2001) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Thus, petitioner failed to fairly present his federal claim to state court and that claim is procedurally defaulted.

### C. Request for an Evidentiary Hearing

Among the relief sought, petitioner requests an evidentiary hearing from this Court. Petitioner's request is denied on the ground that all of the evidence relevant to a ruling on the Petitions pending in this Court is a matter of record

## V. CONCLUSION

For the foregoing reasons, petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Amended/Supplemental Habeas Corpus Petition are denied and dismissed. A certificate of appealability will not issue because reasonable jurists would not debate whether the

petition states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability in a § 2254 case "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.